UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ezGDS, INC.,<br><br>                            Plaintiff,<br>  vs.<br>KAYAK SOFTWARE CORPORATION,<br><br>                           Defendant. | CASE NO. 09cv2775 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Defendant's Motion to Strike. (Doc. # 19).

**BACKGROUND**

    On November 9, 2009, Plaintiff initiated this action in the Superior Court of the State of California, County of San Diego by filing the Complaint. *See* Doc. # 1 at 5. On December 11, 2009, Defendant filed its Notice of Removal removing the case to this Court. *Id.* On January 11, 2010, Defendant filed a Motion to Strike. (Doc. # 9). On February 17, 2010, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. # 17). On February 18, 2010, the Court struck Plaintiff's FAC. (Doc. # 19). The Court's order stated in part:

> Pursuant to Federal Rule of Civil Procedure 15(a), a party may only file an amendment as a matter of course once within 21 days of serving the complaint, 21 days after an answer is filed, or 21 days after a motion is filed pursuant to Federal Rule of Civil Procedure 12(b), 12(e) or 12(f), whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2).
> 
> Defendant filed its Motion to Strike pursuant to Federal Rule of Civil Procedure

> 12(f) on January 11, 2010. (Doc. # 9). Plaintiff's FAC was filed February 17, 2010, outside the time allowed for filing an amended complaint as of right. *See* Doc. # 17. Plaintiff neither sought leave from the court, nor obtained written consent from the opposing party. The Court therefore strikes the FAC from the docket. If Plaintiff wishes to file an amended complaint, Plaintiff shall file written consent of the opposing party or a motion for leave to amend within ten days of the date of this order. . . .

*Id.* at 2. The Court denied Defendant's Motion to Strike without prejudice, stating

> Some of the references Defendant seeks to strike were removed from the FAC Plaintiff filed on February 17, 2010. *See* Doc. # 17. Although the original complaint is still the operative pleading, Plaintiff has indicated that it wishes to filed an amended complaint.
>
> Although the Court denied Defendant's Motion to Strike on these grounds, the Court

allowed Defendant "leave to refile." *Id.* 3. The order further stated:

> If Plaintiff does not file a motion for leave to amend or written consent of the opposing party within ten (10) days of the date of this order, Defendant's answer to the original complaint (Doc. # 1) or other responsive pleading is due twenty (20) days from the date of this order.

*Id.* Plaintiff did not file either a motion for leave to amend or written consent of the opposing party. Therefore, the original Complaint remains the operative pleading in this case. On March 18, 2010, Defendant filed its renewed Motion to Strike. (Doc. # 19).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a small travel technology company based in San Diego, California. Defendant operates Kayak.com and Sidestep.com, two travel websites. (Doc. # 1 at 7). These sites "are essentially comparison shopping vehicles for consumers that display airfares from a variety of other travel web-sites." *Id.* Plaintiff advertises on Defendant's websites on a pay-per-click basis. *Id.* Each time a visitor to one of Defendant's websites clicks on Plaintiff's ad, a set price (or "cost-per-click") is charged against Plaintiff's budgeted amount for that budget cycle. Once the authorized budget for that budget cycle is exhausted, Plaintiff's advertisements stop appearing on Defendant's websites unless Plaintiff authorizes additional spending. *Id.*

In December of 2007, Plaintiff entered a contract with Defendant which authorized $1,059,999.85 in advertising on Defendant's websites, which would amount to 3,890,741

clicks on Plaintiff's advertisement. *Id.* at 8. The money was to be spent over five separate advertising campaigns, which would run through December 31, 2008. *Id.* Defendant was required under the terms of the contract to "create a reasonably balanced delivery schedule" over the course of the contract period and to report weekly to Plaintiff on the campaign's progress. *Id.* at 9.

Although the funds were slated to cover a twelve to eighteen month period, Defendant reported that the entire budget was expended within two months. *Id.* None of the clicks resulted in a "conversion," which occurs when the user "mak[es] a purchase or register[s] for a service" on the advertiser's website. *Id.* at 7, 9. Plaintiff "knew there must have been some sort of technical error" and "demanded reports/supporting documentation." *Id.* at 10. Defendant refused to provide documentation and insisted on full payment. *Id.* Defendant subsequently demanded Plaintiff pay a total of $1,210,296.37 based on a "purported revision" to the order. *Id.* However, the "purported revision" to the original order "was unsigned . . . ." *Id.* In later invoices, Defendant billed Plaintiff at rates that were higher on a per-click basis than the parties had agreed to. *Id.* Defendant repeatedly refused to provide documentation to Plaintiff and turned the account over to a collections agency. *Id.* Defendant "employs the same unfair and deceptive commercial practices upon numerous of its clients, especially smaller-sized companies such as" Plaintiff. *Id.*

Plaintiff alleges four causes of action: (1) for inspection of financial records and accounting; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; and (4) unfair and deceptive business practices. *Id.* at 10-13.

## CONTENTIONS OF THE PARTIES

Defendant moves to strike the following from the Complaint: (1) references to Plaintiff prosecuting its claims on behalf of the general public; (2) references to disgorgement of profits; (3) references to exemplary damages; (4) references to attorney's fees; and (5) references to lost revenue. (Doc. # 19 at 1-2). Defendant contends that a "private plaintiff may only prosecute a representative action" for unfair and deceptive business practices "if that plaintiff has filed a class action lawsuit in compliance with § 382

1  of the California Code of Civil Procedure." (Doc. # 19-1 at 3-4). Defendant contends that
2  the references to the general public in Plaintiff's fourth cause of action should therefore "be
3  stricken as immaterial and impertinent." *Id.* at 4. Defendant contends disgorgement of
4  profits and exemplary damages are not available remedies for unfair and deceptive business
5  practices under California law. *Id.* at 4-5. Defendant contends that all references to
6  disgorgement of profits and exemplary damages should be stricken from the Complaint.
7  *Id.* at 5. Defendant contends that California law requires each party to an action pay its
8  own legal fees. *Id.* Defendant contends that Plaintiff's request for attorney's fees in
9  Plaintiff's third cause of action for breach of the covenant of good faith and fair dealing
10 should be stricken. *Id.* at 5-6. Defendant contends that the contract between Plaintiff and
11 Defendant contains a clause limiting liability which states:

> in no event will either party be liable for any consequential, indirect, incidental, punitive, special or exemplary damages whatsoever, including without limitation damages for loss of profits, business interruption, loss of information and the like, incurred by the other party arising out of this Agreement . . . .

*Id.* at 6.

> Plaintiff contends in its opposition that Defendant apparently mistakes [P]laintiff['s] . . . original complaint for Plaintiff's First Amended Complaint: two out of the four requests to strike are based on a cause of action alleged in Plaintiff's original complaint but that is not found in the First Amended Complaint . . . .

(Doc. # 20 at 4). As for the other two requests, "the paragraph and page references [] are completely incorrect due to Defendant basing its motion on the outdated complaint." *Id.* Plaintiff contends "the request for attorneys' fees should not be stricken from the First Amended Complaint because under California law, attorneys' fees can be awarded by statute." *Id.* at 4, 6-7. Plaintiff contends that "the remaining prayer for damages adequately meets the federal pleading standard . . . and Defendant cannot rely on incomplete and extraneous evidence to argue otherwise." *Id.* at 4, 7. Plaintiff contends that a motion to strike is not the "proper vehicle" for addressing Plaintiff's request for attorneys' fees and damages. *Id.* Plaintiff contends the motion should be denied because it

1  fails to argue that any prejudice will result from the allegations of the complaint. *Id.* at 9.

2  In its reply, Defendant contends that Plaintiff has "ignored the Court's order
3  [striking the FAC] and unilaterally treated the [FAC] as being the operative complaint."
4  (Doc. # 21 at 5-6). Defendant contends that Plaintiff's opposition "is at least the third
5  incorrect, unfounded, and improper pleading that Plaintiff has filed with this Court." *Id.* at
6  1-2.

7  In a sur-reply, Plaintiff contends that Defendant's reply "has disingenuously
8  presented to the Court inflammatory new allegations . . . ." (Doc. # 22 at 1). Plaintiff
9  contends that

> [f]or the first time in its reply, [Defendant] states it deliberately chose to ignore [Plaintiff's FAC] – and instead, bring a disingenuous motion to strike against [Plaintiff's] original complaint – because buried in a court order, drafted by Kayak, on a previous motion to remand, is a statement that [Plaintiff] can only file an amended motion upon stipulation or court order.

*Id.* at 3. Plaintiff further contends that it

> respectfully regrets that it did not notice this provision in the Court order; it had assumed that the court order, as drafted by [Defendant] would pertain only to the motion for remand . . . [Plaintiff] further respectfully requests . . . [that Defendant] submit any recommended 'court orders' to opposing counsel for comment before submitting it to the Court . . . .

*Id.*

Defendant filed a reply to Plaintiff's sur-reply which contends that Defendant did not draft the order of the Court and that "the Court did not 'bury' anything in its three-page Order." (Doc. # 23 at 2). Defendant contends that Plaintiff has made a series of material misrepresentations to the Court and that "[s]anctions are more than warranted . . . ." *Id.* at 3.

**ANALYSIS**

Pursuant to the Court's February 18, 2010 order, the original Complaint remains the operative pleading in this case because the FAC was stricken from the docket and Plaintiff failed to subsequently file a motion for leave to amend. *See* Doc. # 18 at 2-3.

Under Federal Rule of Civil Procedure 12(f), a party may move a court to "order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous

matter." Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (*citing Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). "[C]ourts often require a showing of prejudice by the moving party before granting" a motion to strike, and "[u]ltimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (*citing Fantasy, Inc., v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993)). In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party, and "resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in the defendant's favor." *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1033. Additionally, "[e]ven when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

Defendant does not contend that the allegedly improper allegations in Plaintiff's Complaint prejudice Defendant. Moreover, Defendant has failed to show that a motion to strike is an appropriate vehicle to challenge Plaintiff's references to acting on behalf of the general public, request for attorney's fees, or damages allegations. Defendant's motion seeks to strike allegations of the complaint based on its assertion that certain remedies are legally unavailable rather than for the reasons enumerated in Rule 12(f). *See Givemepower Corp. v. Pace Compumetrics, Inc.*, No. 07-CV-157, 2007 U.S. Dist. LEXIS 59371, at *41-42 (S.D. Cal. Aug. 14, 2007) (*citing Madison House, Ltd. v. Sotheby's Int'l Realty Affiliates, Inc.*, No. C06-1054, 2006 U.S. Dist. LEXIS 79034, at *4 (W.D. Wash., Oct. 30, 2006) ("Defendants attempt to characterize the challenged claims as 'immaterial,' in keeping with the language of FRCP 12(f). But what Defendants really mean when they use that term in this context is 'legally insufficient,' which is not the same . . . Defendants' request is more properly raised under FRCP 12(b)(6) as a motion to dismiss or under FRCP

56 as a motion for summary judgment. When the motion is properly denominated and the argument framed accordingly, Plaintiffs will have an opportunity to more appropriately respond to what Defendants are seeking.")).  Defendant has not shown that these allegations are "redundant, immaterial, impertinent, or scandalous" within the meaning of Rule 12(f).  Defendant's motion to strike is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Strike (Doc. # 19)is **DENIED**.

DATED:  May 5, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge