| | |
|---|---|
| ezGDS, INC., | CASE NO. 09cv2775 WQH (NLS) |
| Plaintiff, | **ORDER** |
| vs. | |
| KAYAK SOFTWARE CORPORATION, | |
| Defendant. | |
| ———————————————— | |
| KAYAK SOFTWARE CORPORATION, | |
| Counterclaimant, | |
| vs. | |
| ezGDS, INC., TRAVEL SUPPORT CENTER , INC. | |
| Countderdefendants. | |
| ———————————————— | |
| KAYAK SOFTWARE CORPORATION, | |
| Thirdparty Plaintiff, | |
| vs. | |
| TRAVEL SUPPORT CENTER , INC. | |
| Thirdparty Defendant. | |

HAYES, Judge:

    On September 28, 2010, Mintz Levin Cohn Ferris Glovsky and Popeo P.C. ("Mintz

Levin") filed a motion to withdraw as counsel of record for Plaintiff and Counterclaim Defendant ezGDS, Inc. ("ezGDS") and Counterclaim Defendant Travel Support Center, Inc. ("TSC"). (ECF No. 50). According to the declaration of Susie S. Yoo, Mintz Levin moves to withdraw because ezGDS and TSC failed to pay legal fees and expenses.

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). The decision to grant or deny counsel's motion to withdraw is discretionary. *Deal v. Countrywide Home Loans,* Case No. C 09-01643 SBA, 2010 WL 3702459, at \*2 (N.D. Cal. Sept. 15, 2010) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). When ruling on motions to withdraw, courts consider: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal*, 2010 WL 3702459, at \*2 (citing *CE Resource, Inc. v. Magellan Group, LLC*, Case No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at \*2 (E.D. Cal. Oct. 14, 2009)).

After reviewing the record and the reasons for withdrawal noted by Attorney Susie S. Yoo, the Court concludes that there is good cause to grant Mintz Levin's Motion to Withdraw as Counsel. The Court further concludes that the withdrawal will not prejudice other litigants, harm the administration of justice, or unreasonably delay resolution of the case. Mintz Levin's Motion to Withdraw as Counsel is **GRANTED**.

Pursuant to Local Civil Rule 83.3(k) and federal common law, a Corporation can only appear and litigate in federal court through licensed counsel. *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). Accordingly, ezGDS and TSC are **HEREBY NOTIFIED** that they have 30 days from the date this Order is filed to obtain new counsel and have counsel file a notice of appearance. The Court also notifies ezGDS and TSC that failure to obtain new counsel and have counsel file a notice of appearance, may subject ezGDS. and TSC to default proceedings. *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

The Court orders Mintz Levin to mail a copy of this Order to ezGDS and TSC and file

a proof of service including ezGDS's and TSC's last know addresses within 7 days from the date this Order.

IT IS SO ORDERED.

DATED: September 30, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge